JERRY CORBITT AND JESSE CORBITT BY HIS NEXT FRIEND, JERRY CORBITT, v. THE ROYER-FERGUSON COMPANY.

(Filed 12 November, 1924.)

**Master and Servant—Employer and Employee—Negligence—Res Ipsa Loquitur—Evidence—Nonsuit—Questions for Jury.**

Upon a motion as of nonsuit, considering the evidence in the light most favorable to the plaintiff: *Held,* evidence tending to show that the plaintiff in the course of his employment, had his hand injured by the slipping of the mechanism of a jack operated by other employees while raising a donkey engine which had been derailed, upon the track, requiring under the principle of *res ipsa loquitur* that the cause be submitted to the jury, a motion to nonsuit was properly overruled.

CIVIL ACTIONS tried before *Lane J.,* and a jury, at February Term, 1924, of GUILFORD.

There were two actions instituted for this injury, one by the minor, Jesse Corbitt, the injured person, employee of defendant, and the other by his father for loss of service of the minor son incident to the injury, and caused by the alleged negligence of defendant company. The two actions having been consolidated, and the cause submitted to the jury on appropriate issues, there was verdict for plaintiffs. Judgment. And defendant appealed, assigning for error chiefly the refusal of the court to enter judgment of nonsuit.

*T. W. Albertson and D. H. Parsons for plaintiffs.*
*Peacock & Dalton for defendant.*

HOKE, C. J. There were facts in evidence tending to show that defendant company was engaged in constructing a hard-surface road about two miles north of High Point in said county, and had there in the work a temporary track for cars, drawn by donkey engines. That one of these having become derailed, defendant's employees, with the view of replacing same on track, had raised it about eighteen inches with an implement called a jack, worked by a lever, etc. That plaintiff, Jesse Corbitt, an employee of the company, not immediately engaged in the jacking process, but in the line of his duty, was placing some blocks under the engine to hold same while preparation was made to raise it higher, and while so engaged the springs and fastenings of the jack seemed to give way, letting the engine down, and plaintiff's hand was caught in the jack as it fell or was knocked to one side, and plaintiff was severely and painfully injured. That the engine was very heavy and the one jack, weighing about 200 pounds, was all that defendant had there for the purpose, and same gave way under the weight or pressure of the engine, thereby causing plaintiff's injury.

It is uniformly held with us that on motions of this character the evidence which makes in favor of plaintiff's right to recover must be taken as true and interpreted in the light most favorable to him. *Pettitt v. R. R.,* 186 N. C., p. 9. Considering the record in view of this accepted principle, it is, in our opinion, the clearly permissible inference, as plaintiff contends, that the one jack used on this occasion was inadequate for the purpose, and furthermore, the same having slipped down without explanation offered or suggested, the evidence of the occurrence seems to permit and require the application of the doctrine of *res ipsa loquitur,* carrying the cause to the jury on the issue as to defendant's negligence. *Hinnant v. Power Co.,* 187 N. C., p. 288;

*McAllister v. Pryor,* 187 N. C., p. 832; *Dellinger v. Building Co.,* 187 N. C., p. 845; *Harris v. Mangum,* 183 N. C., p. 235.

The cause, then, being one for the jury, it appears to have been submitted under a full and adequate charge, and we find nothing therein that gives to appellant any just ground of complaint. The judgment below must, therefore, be affirmed.

No error.